**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTHUR BRUNSTON, | ) NO. CV 07-6314-E |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


                              **PROCEEDINGS**


        Plaintiff filed a complaint on October 1, 2007, seeking review
of the Commissioner's denial of benefits.  The parties filed a
consent to proceed before a United States Magistrate Judge on
July 24, 2008.  Plaintiff filed a motion for summary judgment on

May 27, 2008.  Defendant filed a cross-motion for summary judgment on July 23, 2008.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed October 9, 2007.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff alleges disability based on a combination of exertional and non-exertional impairments (Administrative Record ("A.R.") 105-110, 398-415).  An Administrative Law Judge ("ALJ") found Plaintiff has severe exertional and non-exertional impairments which prevent Plaintiff from performing any of Plaintiff's past relevant work (A.R. 22-24).  In reliance on the testimony of a vocational expert, however, the ALJ found there exist jobs Plaintiff can perform (A.R. 25, 425-28).  The Appeals Council denied review (A.R. 6-8).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

## DISCUSSION

"After a claimant satisfies his initial burden of showing that

a physical or mental impairment prevents him from performing his previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such other work exists in the national economy." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985).  Where a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).  Unless hypothetical questions posed to a vocational expert "set out all of the claimant's impairments," the vocational expert's testimony cannot constitute substantial evidence to support an ALJ's findings. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); accord Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987).

Although the record in the present case is somewhat ambiguous, it appears that the hypothetical questions posed to the vocational expert may not have "set out all of [Plaintiff's] impairments." According to the ALJ's decision, Plaintiff requires "the option to change position every 15 minutes for five minutes of stretching" (A.R. 22).  None of the hypothetical questions posed to the vocational expert appear to have included this precise limitation (A.R. 425-28).  The hypothetical question coming closest to inclusion of this limitation asked the vocational expert to assume a person who "instead of being limited to changing positions for five minutes every sixty minutes . . . must be permitted to change position at least every fifteen minutes" (A.R. 426).  This hypothetical question

3

arguably did not indicate how long it would take the person to "change position" after every fifteen-minute work interval or whether more than momentary, incidental "stretching" would be involved during position changes.

The ALJ's decision claims that the ALJ "asked the vocational expert whether jobs exist in the national economy for an individual with [Plaintiff's] . . . residual functional capacity" (A.R. 25).  It appears that either this claim is wrong or the ALJ intended a different residual functional capacity than that stated at page 22 of the Administrative Record ("the option to change position every 15 minutes for five minutes of stretching").  Internal inconsistencies in an administrative decision may require remand for clarification.  See Stathis v. Sullivan, 964 F.2d 850, 851-52 (8th Cir. 1992) (material internal inconsistencies in ALJ's findings require remand); Koepping v. Shalala, 1995 WL 478940 (S.D. Iowa May 11, 1995) (inconsistencies between ALJ's residual functional capacity determination and other findings by the ALJ regarding the claimant's impairments require remand).

Regardless of what the ALJ intended as a residual functional capacity finding or as a hypothetical question, it seems fairly clear that the vocational expert did not understand from the question that the hypothetical person would have to spend a full five minutes doing nothing but stretching after every fifteen-minute interval of work. Plaintiff argues with the persuasive force of common sense that a person so restricted could not sustain work in at least one of the jobs (cashier II) identified by the vocational expert (Plaintiff's

Motion at 7, n.2).  The Court observes that vocational experts in
other cases have opined that claimants similarly restricted could not
work.  See, e.g., Slayton v. Astrue, 2008 WL 823537 *2, 10 (N.D. Cal.
Mar. 27, 2008) (vocational expert testified that a claimant needing
to take five to ten minute breaks for stretching each hour would be
"virtually unemployable"); Schmidt v. Callahan, 995 F. Supp. 869, 873
(N.D. Ill. 1998) (vocational expert testified that a need to stretch
for five to ten minutes after 30 to 45 minute intervals of work would
preclude the performance of certain jobs, including that of cashier).

     When a court reverses an administrative determination, "the
proper course, except in rare circumstances, is to remand to the
agency for additional investigation or explanation."  INS v. Ventura,
537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
proper where, as here, additional administrative proceedings could
remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
1496, 1497 (9th Cir. 1984).


     LET JUDGMENT BE ENTERED ACCORDINGLY.


     DATED:  July 29, 2008.


                    _____/S/_____
                         CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE